## Case No. 17,642.

WILCOX & GIBBS SEWING MACH. CO.
v. FOLLETT.

[See Case No. 17,643.]

## Case No. 17,643.

WILCOX & GIBBS SEWING MACH. CO.
v. FOLLETT et al.

[2 Flip. 203;[1] 10 Chi. Leg. News. 99; 2 Cin.
Law Bul. 301; 3 Cin. Law Bul. 49.]

Circuit Court. N. D. Ohio. Oct., 1878.

REMOVAL OF CAUSES—PROCEEDINGS FOR REMOVAL.

1. Parties seeking to remove causes to the United States courts must comply strictly with the provisions and conditions presented by the statute, and any material omission will be fatal to such removal.

2. The petition for removal must be filed at the term at which the case can be first tried and before trial thereof, and not after such term.

[This was a motion to dismiss and remand the cause to the state court of common pleas, in an action by the Wilcox & Gibbs Sewing Machine Company against E. Follett and L. B. Kinney.]

John Coon, for plaintiff.
Stone & Hessenmueller and Mr. Estep, for defendant.

WELKER, District Judge. In this case petition was filed by the plaintiff in the court of common pleas of Cuyahoga county, against the defendants, on the 24th of January. 1877, and summons served same day on Kinney. On the 24th of February, 1877, being at the first term of that court, when the case could be first tried, the defendant, Kinney, filed his petition for removal, on the ground that the plaintiff was not a citizen of the state of Ohio. A bond was filed the same day, conditioned "to enter or cause it to be entered in the circuit court, on the first day of its stated term next ensuing after the order of said court of common pleas, for the removal of said suit into said court a copy of the record in said suit." etc., and the cause was continued to the March term, 1877. Answer of plaintiff to petition for removal filed March 31. 1877, and cause continued to May term, 1877. On the first day of May, 1877, said court gave defendant leave to amend his bond. Amended bond filed by Kinney, May 26, 1877, conditioned that "he shall enter in said circuit court on the first day of its next session, copies of the process against him in said suit," etc. At the May term, 1877, and after amended bond filed, the court made an order for the removal of the said suit to this court.

This court commenced its session on the 3d day of April, 1877. The defendant filed the copy of the record in this court on the 20th of July, 1877, and during the April term.

The plaintiff files his motion to dismiss the case and remand to the common pleas, because—First. A copy of the record of the case was not entered in this court within the time prescribed by the statute after the filing of the petition and bond for removal. Second. Because the removal of the case to this court is contrary to law, and this court has no jurisdiction.

The statute (18 Stat. 471, § 3) provides that "whenever either party * * * entitled to remove any suit, * * * shall desire to remove such suit, * * * he. or they, may make and file a petition in such suit in state court. before or at the term at which the cause could be first tried. and before the trial thereof for the removal, * * * and shall make and file therewith a bond * * * for his or their entering in such circuit court on the first day of its then next session a copy of the record; * * * and the said copy being entered as aforesaid, * * * the cause shall then proceed." etc.

The first term of the common pleas after the filing of the original petition at which the cause could be first tried, was the March term, 1877. The petition for removal and original bond were in fact filed before the March term, to-wit: the 24th day of February, 1877.

The record shows that, after the filing of such petition and bond. the suit was continued to the March term, and at the March term, to-wit: on the 31st of March, 1877, the plaintiff having filed an answer to the petition for removal. the cause was continued to the May term. The first day of the then next session of this court, after the petition for removal was filed, being the third day of April, 1877, was allowed to pass without the filing of the record in this court.

Parties seeking to remove causes to the United States courts are bound to comply strictly with the provisions and conditions prescribed by the statute giving the privilege, and any material omission will be fatal to the removal. It is clear that if the petition and bond were filed before or at the March term, then the record must have been filed in this court on the 3d day of April. 1877, if twenty days intervened, and could not be filed afterward.

But it is claimed by the defendant that, the bond first filed being defective, and leave having been given to amend the bond on the first day of May, the petition and bond are to be regarded as filed then. and the proper time to file the record would be at the October session of this court, and. if that be so. then the filing in this court on the 20th of July would comply with the statute.

The difficulty arising from this claim is that the March term. being the term at which the case could be first tried, was the latest time at which the petition and bond

---

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

could be filed. The defendants had no right to do so afterward. The policy of the statute seems to be that parties desiring to remove causes must do so at the earliest period at which the cause could be tried, or they cannot avail themselves of the provisions for removal. In this case the petition and bond having been filed on the 24th of February, the defendant thus early availing himself of the privilege, the limit of the time to file the record in this court commenced to run at that date, and the defendant cannot postpone the filing in this court beyond the time fixed by the statute. Parties seeking removal must be careful to have the petition and bond in legal form, and in compliance with the statute, when first filed, but if not, they must perfect them within the time prescribed by the statute for such filing. The subsequent amendment of the bond and the order of the court for removal at the May term do not change the time at which the petition and bond are required to be filed, so as to allow the limitation to commence to run at that time in reference to the time of filing the record in this court.

The motion is sustained and the case dismissed.